# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TEMPEST CHRISS-GUY, Individually and On Behalf of All Others Similarly Situated, | CIVIL ACTION NO: |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| vs. | **CLASS AND COLLECTIVE ACTION COMPLAINT** |
| ACCESSIBLE RECOVERY SERVICES, INC., | |
| Defendant. | |

## CLASS AND COLLECTIVE ACTION COMPLAINT

AND NOW, comes the Plaintiff, Tempest Chriss-Guy, by and through her counsel, D. Aaron Rihn, Esquire and the law firm of Robert Peirce & Associates, P.C.; and Nicholas Migliaccio, Esquire and the law firm of Migliaccio & Rathod LLP, and avers the following against Defendant Accessible Recovery Services, Inc.

## PRELIMINARY STATEMENT

1. This is an action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA") 43 P.S. 333.101, *et seq.* whereby Defendant failed to pay overtime and failed to compensate for all hours worked.

2. Defendant employed the Plaintiff as an Insurance Associate.

3. For the past three years, Defendant has not paid Plaintiff her overtime pay as required by the Fair Labor Standards Act ("FLSA").

4. Additionally, Defendant routinely did not pay Plaintiff for every hour that was worked during the workweek.

5. The failure to pay the Plaintiff for every hour worked and at one and one-half times her regular rate for hours over forty in a workweek is a plain, simple violation of the FLSA.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §§ 1331.

7. Venue is proper in the United States District Court pursuant to 28 U.S.C. § 1391.

## THE PARTIES

8. Plaintiff Tempest Chriss-Guy is an adult individual who resides at 1011 Maplewood Avenue, Apartment 2, Ambridge, Allegheny County, Pennsylvania 15003.

9. Tempest Chriss-Guy has been employed by Defendant from 2015 to the present.

10. Defendant Accessible Recovery Services, Inc. is a corporation headquartered at 9400 McKnight Road, Pittsburgh, Allegheny County, Pennsylvania 15237 and registered with the Pennsylvania Department of State to do business in Pennsylvania.

11. Throughout the relevant period, Defendant has been a covered employer as that term is used within the meaning of the FLSA and all other relevant laws. In addition, at all relevant times, Defendant employed Plaintiff.

## FACTUAL ALLEGATIONS

12. Plaintiff worked for Defendant as an hourly employee assigned to Defendant's Insurance department with the initial job title of "Associate."

13. During her time employed as an Associate, Plaintiff was not exempt from the FLSA because she was paid on an hourly basis and should have been compensated for appropriate overtime.

14. During her time employed as an Associate, Plaintiff regularly worked in excess of 40 hours per work week during her time as an Associate.

15. Plaintiff estimates that she worked approximately 45-50 hours during a typical workweek.

16. Defendant regularly failed to pay Plaintiff overtime premium compensation for many of her hours worked.

17. Specifically, Defendant paid Plaintiff her regular rate for each hour worked over forty in a workweek instead of one and one-half times her regular rate.

18. Based on the information currently available, Defendant failed to pay Plaintiff overtime premium compensation for 58.85 overtime hours worked from June 2016 through May 2017.

19. These practices violate the provisions of the FLSA. As a result of these unlawful practices, Plaintiff suffered a loss of wages.

20. In failing to pay any compensation, including overtime premium compensation, to Plaintiff for her work hours, Defendant has acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## FLSA COLLECTIVE ACTION ALLEGATIONS

21. Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of all Associates who were employed by Defendant within the past three years (the "Collective Action Members").

22. Plaintiff desires to pursue her FLSA claim on behalf of any individual who opts in to this action pursuant to 29 U.S.C. § 216(b).

23. Plaintiff and the Collective Action Members are "similarly situated" as that term is used in 29 U.S.C. § 216(b), because, *inter alia*, all such individuals worked pursuant to Defendant's above-described common business policies and practices, and as a result of such policies and practices, were not paid the full and legally mandated overtime premium for hours worked over 40 during the workweek.

24. Resolution of this action requires inquiry into common facts, including, *inter alia*, Defendant's common compensation, timekeeping, and payroll practices.

25. Specifically, Defendant failed to pay the Collective Action Members the legally required amount of overtime compensation for hours worked in excess of 40 hours per workweek, in violation of the FLSA and the regulations promulgated thereunder, including 29 U.S.C. §§ 207(a)(1), 215(a), and 29 C.F.R. § 778.104, because it failed to pay Plaintiff and the Collective Action Members at a rate of 1.5 times its regular hourly rate for hours worked in excess of 40 hours per week.

26. These similarly situated individuals are known to the Defendant, are readily identifiable, and can be located through Defendant's payroll record which Defendant was required to maintain pursuant to the FLSA and Pennsylvania law, *see* 29 U.S.C. § 211(c); 29 C.F.R. § 215.2; 43 P.S. 333.101, *et seq*.

27. Conditional certification of this case as a collective matter pursuant to U.S.C. § 216(b) is proper and necessary so that these employees may be readily notified of this action through direct U.S. mail and/or other means including email and allowed to opt in for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

28. There are many similarly situated current and former Associates who have not been paid proper overtime wages in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. Thus, notice should be sent to the Collective pursuant to 29 U.S.C. § 216(b).

## **PENNSYLVANIA CLASS ACTION ALLEGATIONS**

29. Plaintiff, on behalf of herself and all the Class and Collective Action Members, re-alleges and incorporates by reference the preceding paragraphs.

30. Plaintiff brings this lawsuit pursuant to Fed. R. Civ. P. 23(a), (b)(2), and (b)(3) 29 as a class action on behalf of all Associates who were employed by Defendant within the past three years (the "Class Action Members").

31. Defendant violated the Pennsylvania wage and hour laws because it failed to pay Plaintiff and the Pennsylvania Class at a rate of 1.5 times its regular hourly rate for hours worked in excess of 40 hours per week, pursuant to 43 P.S. 333.101, *et seq*.

32. Although the precise number of the Pennsylvania Class is unknown, Members are readily identifiable and can be located through Defendant's records.

33. Questions of law and fact common to Plaintiff and the Pennsylvania Class that will materially advance the litigation include, without limitation:

a) Whether Defendant employed Plaintiff and the Pennsylvania Class Members within the meaning of the Pennsylvania wage and hour laws;

b) What proof of hours worked is sufficient when the employer fails in its duty to maintain time records;

c) Whether Defendant failed to pay Plaintiff and the Pennsylvania Class Members for all the hours they worked;

d) Whether Defendant failed to maintain records of the hours worked by Plaintiff and the Pennsylvania Class Members;

e) Whether Defendant failed to pay Plaintiff and the Pennsylvania Class Members the legally required amount of overtime compensation for hours worked in excess of 40 hours per workweek, in violation of the Pennsylvania wage and hour laws;

f) Whether Defendant is liable for all damages claimed by Plaintiff and the Pennsylvania Class Members, including, without limitation, compensatory, punitive and statutory damages, interest, costs and disbursement, and attorneys' fees; and,

g) Whether Defendant should be enjoined from continuing to violate the Pennsylvania wage and hour laws in the future.

34. Plaintiff's claims are typical of the claims of the Members of the Pennsylvania Class.

35. Plaintiff is an adequate class representative, is committed to pursuing this action, and has retained competent counsel experienced in wage and hour law and class action litigation.

36. Class certification of Plaintiff's Pennsylvania wage and hour law claim is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the class, making appropriate both declaratory and injunctive relief with respect to the Class as a whole. The Members of the Pennsylvania Class are entitled to injunctive relief to end Defendant's common and uniform policy and practice of denying the Pennsylvania Class Members the wages to which they are entitled.

37. Class certification of Plaintiff's Pennsylvania wage and hour law claim is also appropriate pursuant to Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Class predominate over questions affecting only individual Members of the Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

38. Plaintiff knows of no difficulty that would be encountered in the management of this litigation that would preclude its maintenance as a class action.

## FIRST CAUSE OF ACTION
**Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*.**

39. All previous paragraphs are incorporated as though fully set forth herein.

40. Plaintiff is an employee entitled to the FLSA's protections.

41. The FLSA requires that covered employees be compensated for every hour worked in a workweek. See 29 U.S.C. § 206(b).

42. The FLSA also entitles employees to overtime compensation "not less than one and one-half times" their regular rate of pay for all hours worked over 40 in a workweek. See 29 U.S.C. § 207(a)(1).

43. Defendant, in failing to pay Plaintiff for every hour worked in a work week, violated the FLSA.

44. Defendant, in failing to pay Plaintiff time and a half overtime premium pay when she worked more than forty hours per week, violated the FLSA.

45. Defendant's failure to pay time and a half overtime premium has been willful and with reckless disregard of clearly applicable FLSA provisions.

46. As a result of Defendant's violations of the FLSA, Plaintiff has suffered damages and is entitled to recovery of such damages, liquidated damages, attorneys' fees and costs.

## SECOND CAUSE OF ACTION
**Pennsylvania Minimum Wage Act**

47. Plaintiff, on behalf of herself and all PMWA Class Members, re-alleges and incorporates by reference the preceding paragraphs.

48. At all relevant times, Plaintiff and PMWA Class Members were employed by Defendant within the meaning of the PMWA, and Defendant was an employer within the meaning of PMWA.

49. The overtime wage provisions of the PMWA and its supporting regulations apply to Defendant.

50. Defendant willfully violated Plaintiff's rights and the rights of the PMWA Class by failing to pay them the legally required amount of overtime compensation at rates not less than one and one-half times their regular rate of pay for all hours worked by them in excess of 40 in a workweek in violation of the PMWA and its regulations.

51. As a result of Defendant's willful violations of the PMWA, Plaintiff and the PMWA Class Members are entitled to recover from Defendant their unpaid overtime wages, including the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, reasonable attorneys' fees, costs and disbursements of the action, liquidated damages and pre-judgment and post-judgment interest, pursuant to the PMWA.

52. Defendant's PMWA violations have caused Plaintiff and the Class irreparable harm for which there is no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

a. Designation of this action as an FLSA collection action on behalf of Plaintiff and the Collective Action Members and prompt issuance of notice pursuant to 29

       U.S.C. § 216(b) to similarly situated Members of the Collective Action Members apprising them of the pendency of this action, permitting them to assert timely FLSA claims on this action by filing individual Consents to Join pursuant to 29 U.S.C. § 216(b), and tolling the statute of limitations;

b. Certification of the Pennsylvania Class as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), and the appointment of Plaintiff Chriss-Guy and her counsel to represent the members of the Pennsylvania Class;

c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and PMWA;

d. An injunction requiring Defendant to cease its unlawful practices under, and comply with, the PMWA;

e. An award of unpaid wages for all hours worked in excess of 40 a week at a rate of time and one-half the regular rate of pay due under the FLSA and PMWA;

f. An award of liquidated damages and/or punitive damages as a result of Defendant's willful failure to pay for all hours worked in excess of 40 in a workweek at a rate of time and one-half of the regular rate of pay pursuant to 29 U.S.C. § 216, the PMWA, and the OMFWSA;

g. An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

h. An award of prejudgment and post judgment interest;

i. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and,

j. Such other relief as this Court deems just and proper.

JURY TRIAL DEMANDED

Dated: September 25, 2018           Respectfully submitted,


                                    */s/ D. Aaron Rihn*
                                    D. Aaron Rihn, Esquire
                                    PA I.D. No.: 85752
                                    Robert Peirce & Associates, P.C.
                                    707 Grant Street
                                    Suite 2500
                                    Pittsburgh, PA 15219-1918
                                    Tel: 412-281-7229
                                    Fax: 412-281-4229
                                    arihn@peircelaw.com

                                    Nicholas A. Migliaccio, Esquire*
                                    Jason S. Rathod, Esquire*
                                    Migliaccio & Rathod LLP
                                    412 H Street N.E., Suite 302
                                    Washington, DC 20002
                                    Tel: 202-470-3520
                                    Fax: 202-800-2730
                                    nmigliaccio@classlawdc.com
                                    jrathod@classlawdc.com

                                    *To Be Admitted Pro Hac Vice*